# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MARVIN LEE BROWN, )
)
    Plaintiff, ) C.A. No.: K24C-12-025 NEP
)
    v. )
)
DELAWARE STATE HOUSING )
AUTHORITY, CAMPUS COMMUNITY )
SCHOOL, THE EXCHANGE, ARMED )
FORCES MEDICAL EXAMINERS )
SYSTEM, CAESAR RODNEY SCHOOL )
DISTRICT, DOVER SCHOOL DISTRICT, )
LAKE FOREST SCHOOL DISTRICT, )
BALLY'S CORPORATION, GAMING )
AND LEISURE PROPERTIES, and )
SPEEDWAY MOTORSPORTS, LLC )
(SMI),[1] )
)
    Defendants. )

Submitted: December 16, 2024
Decided: December 30, 2024

## ORDER

*Upon Plaintiff's Application to Proceed in Forma Pauperis*
**GRANTED**

*Upon Court's Consideration of Complaint*
**DISMISSED**

---

[1] Although Plaintiff's affidavit in support of his application to proceed *in forma pauperis* names the State of Delaware as the sole defendant in this matter, the State was not identified as a defendant in any of the complaints filed along with the application. Therefore, the Court has instead listed every defendant identified in the complaints in the caption, rather than the State.

Upon consideration of Plaintiff's complaints and motion to proceed *in forma pauperis*, the Court finds as follows:

1. On December 16, 2024, Mr. Brown filed an application to proceed *in forma pauperis*. The affidavit attached indicated that Mr. Brown had no assets or income and was presently unemployed. The affidavit alleged facts sufficient to convince the Court that Mr. Brown is unable to pay the filing costs and his motion to proceed *in forma pauperis* is therefore **GRANTED**.

2. Upon review of Plaintiff's manifold complaints, the Court finds that they are legally frivolous and malicious. They are therefore **DISMISSED**.

3. The Court views *pro se in forma pauperis* civil suits generously.[2] "All well-pled matters are accepted as true to determine whether . . . [a plaintiff] can recover under any conceivable circumstances susceptible of proof under the complaint."[3] Nonetheless, the Court will not allow itself or prospective defendants "to become the victim[s] of frivolous or malicious claims which on their face are *clearly*: [sic] subject to a motion to dismiss under Superior Court Civil Rule 12(b)(6) or subject to a defense of immunity or subject to some other defect."[4] After granting an application to proceed *in forma pauperis*, the Court must dismiss the underlying complaint if it is legally frivolous, factually frivolous, or malicious.[5] "If a complaint fails to state a claim upon which relief may be granted, then it is deemed legally frivolous."[6] "A claim is malicious when 'designed to vex, injure, or harass, or one

---

[2] *Parsons v. Dushuttle*, 2019 WL 1131956, at *1 (Del. Super. Mar. 8, 2019) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

[3] *Fatir v. Records*, 2023 WL 6622214, at *2 (Del. Super. Oct. 11, 2023) (quoting *Johnson v. Howard*, 1999 WL 743902, at *1 (Del. Aug. 12, 1999)).

[4] *Lee v. Johnson*, 1996 WL 944868, at *1 (Del. Super. June 4, 1996) (emphasis in original).

[5] *Sanders v. Dep't of Just.*, 2020 WL 1171045, at *1 (Del. Super. Mar. 11, 2020) (citing 10 *Del. C.* § 8803(b)).

[6] *Fatir*, 2023 WL 6622214, at *4 (quoting *Johnson*, 1999 WL 743902, at *1); *Marvel v. State*, 2014 WL 7009516, at *2 (Del. Super. Dec. 8, 2014) (citing *Cannon v. McCreanor*, 2003 WL 943247, at *2 (Del. Super. Mar. 6, 2003)).

which is otherwise abusive of the judicial process or which realleges pending or previously litigated claims.'"[7]

4. Plaintiff's affidavit in support of his application to proceed *in forma pauperis* indicates that the nature of his claim is "Inditment [sic] Number: 126753." Included in his filings are handwritten complaints against each Defendant, using the following template:

1. Plaintiff is a citizen of the state of Delaware.
2. Defendant is a citizen of the state of Delaware residing at [address].
3. On or about <u>18 Nov 24</u> [sic] Defendant is requested to respond to Plaintiff's affidavit per inditment [sic] number 126753.
4. Defendant did not transfer ownership of the [property/house or facility].
5. Plaintiff, therefore, asks the court to award the Plaintiff with ownership of the [property/house or facility].

5. Plaintiff attached an additional handwritten page pertaining to each named Defendant, reciting as follows:

I, Marvin Lee Brown the Plaintiff is [sic] requesting the above Defendant to respond to this affidavit per inditment [sic] number 126753 in ownership of the Defendant's [property/house or facilities].

6. On the page addressed to Defendants Bally's Corporation and Gaming and Leisure Properties, Plaintiff requested a response to the same purported indictment "in ownership of the Defendant's facilities and itemized Corporation."

7. Plaintiff's complaints fail to state a claim on which relief can be granted, and dismissal is therefore appropriate under Superior Court Civil Rule 12(b)(6). As such, Plaintiff's complaints are legally frivolous. Neither Plaintiff's complaints nor his appended affidavits indicate any legal theory under which he may recover from any Defendant. Plaintiff names no cause of action and alleges no damages. The indictment to which Plaintiff refers was not attached to his complaint,

---

[7] *Jones v. Dover Behavioral Health Sys.*, 2017 WL 3493118, at *1 (Del. Super. Aug. 9, 2017) (quoting 10 *Del. C.* § 8801(8)).

nor could the Court locate any other litigation to which Plaintiff is or was a party. Even a *pro se* plaintiff "must, at a minimum, provide the Court with enough information to conduct a meaningful consideration of the merits."[8]  Plaintiff falls short of this bar.  It appears reasonably certain that the Plaintiff cannot prove any set of facts that would entitle him to relief.[9]

**8.**     Plaintiff's complaints are also malicious.  To the extent that it is discernable, Plaintiff's apparent intent is to obtain ownership of Bally's Casino, Dover Motor Speedway, Dover High School, and his own self-reported domicile (which he somewhat implausibly describes as the "residence" of the Delaware State Housing Authority), among other pieces of real estate.  Given the rote nature of the complaints' recitals, the lack of any supporting facts, and the nature of Plaintiff's claim—effectively challenging Defendants to show cause why their property should not be transferred to him—it is plain that Plaintiff intends either to vex and harass Defendants or to obtain their assets by default judgment (notwithstanding his suits' lack of merit) if they do not respond.  Both aims would be an abuse of the judicial process.

---

[8] *Harrison v. Hodgson Vocational Tech. High Sch.*, 2007 WL 3112479, at *2 (Del. Super. Oct. 3, 2007) (accordingly dismissing the plaintiff's complaint).

[9] *See Doe v. Cahill*, 884 A.2d 451, 458 (Del. Oct. 5, 2005) (citing *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998)) (reciting the standard for dismissal for failure to state a claim); *accord Windsor I, LLC v. CWCapital Asset Mgmt. LLC*, 238 A.3d 863, 871–72 (Del. 2020) (stating that it is appropriate to dismiss a claim when the "plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof.") (internal quotation and citation omitted).

4

**WHEREFORE**, in light of the preceding considerations, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED** and the complaint is **DISMISSED**.

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP/tls
*Via File & ServeXpress and U.S. Mail*
oc:    Prothonotary
        Marvin Lee Brown, *Pro Se* (Address: 15 Edgewood Rd., Dover, DE 19901)